UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIO FUENTES, on Behalf of Himself and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>V.<br><br>CASTILLO BUILDERS LLC<br><br>   Defendant | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Defendant, Castillo Builders LLC ("Castillo"), failed to pay Plaintiff, Elio Fuentes, and its other general laborers, appropriate overtime wages when they work more than forty (40) hours in a work week as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. Plaintiff and the similarly situated employees he seeks to represent, are current and former employees of Castillo, who worked as general laborers within the last three years (hereinafter referred to as the "Class Members").

3. Castillo's pay practices and policies applied not only to Plaintiff, but also to all class members. Therefore, Plaintiff brings this suit on behalf of himself and all other similarly situated general laborers.

### JURISDICTION AND VENUE

4. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

5. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and conduct charged herein occurred in this district.

## THE PARTIES

6. Plaintiff, Elio Fuentes, lives in the Eastern District of Louisiana. Plaintiff was employed by Castillo as a general laborer from November 2020 through April 2021. His written consent is attached hereto as Exhibit 1.

7. The class of similarly situated employees consists of all general laborers who worked for Defendant within the last three years (hereinafter referred to as "class members").

8. Castillo is a Louisiana limited liability company that may be served through its registered agent, Doris Millan, 6328 Farrel Drive, Slidell, LA 70460.

## FLSA COVERAGE

9. At all times relevant to this dispute, Castillo has been an enterprise within the meaning of the FLSA. 29 U.S.C. § 203(r).

10. At all times relevant to this dispute, Castillo has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

11. At all times relevant to this dispute, Castillo has had annual gross sales in excess of $500,000.

12. At all times relevant to this dispute, Plaintiff and the class members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

13. Through its general laborers, Castillo provides construction services to residential and commercial projects.

14. Plaintiff was hired to work as a general laborer for Castillo. Castillo controls Plaintiff's conditions of employment. For instance, Castillo determines his pay rate and sets policies and procedures that Plaintiff and other class members are required to follow, including when to work and what work will be done at a particular construction site, and provided a uniform to Plaintiff.

15. While working, Plaintiff and the class members regularly worked over forty (40) hours in a work week in order to complete all of their job assignments. Castillo, however, did not pay Plaintiff and the class members for any overtime for hours worked over forty (40) in a work week. Castillo denied the rights of Plaintiff and the class members guaranteed to them under the FLSA.

16. Plaintiff's primary duties as a general laborer consists of general construction work.

17. As a general laborer, Plaintiff regularly worked more than forty (40) hours per workweek. In fact, a typical work schedule requires Plaintiff to work more than 50 hours per week, with many weeks requiring him to work even more. Specifically, and by way of example, Plaintiff worked and was paid only straight time for 52.5 hours for the week of February 26, 2021 and 51.5 hours for the week of April 2, 2021. Plaintiff was not a member of management. Neither he nor any other class member had authority to: manage an enterprise, hire or fire other employees, set the pay rates of other employees, create policies or procedures to govern Castillo's employees, handle employee grievances, determine the type of equipment or materials that Castillo could use in their operations, plan and/or set Castillo's budget, enter into contracts on behalf of Castillo, or otherwise have operational control over Castillo's business operations and practices. Moreover, Plaintiff and the class members did not perform office or non-manual work directly related to the management

or general business operations of Castillo or their customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of Castillo's business

18. Plaintiff and class members were at all times "non-exempt" employees and eligible to receive overtime pay pursuant to Section 207 of the FLSA.

19. Castillo had the power to discipline and/or terminate Plaintiff and the class members, regularly supervised and controlled work schedules and conditions of employment for Plaintiff and class members, determined the rate and method of payment of wages and commissions, paid Plaintiff and class member wages, and maintained employment records of Plaintiff and class members.

20. When Plaintiff inquired as to why Castillo has not paid him overtime, he was simply told by Alfonso Castillo that the company does not pay overtime wages.

21. In addition, Castillo issued Plaintiff a wage check every week.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other persons employed by Castillo as a general laborer within three (3) years from the filing of this suit who, like Plaintiff, have not been compensated the correct overtime rate of pay, and/or have not been compensated at one and a half their regular rate of pay for all hours worked in excess of forty (40) hours in a single week.

23. Castillo classified and paid all of its general laborers in the manner described above.  In this regard, Castillo maintained a common pay practice or policy and the class members are similarly situated to Plaintiff.

24. Castillo's general laborers all perform the same essential job functions and duties notwithstanding the fact that one employee might have more tenure, experience, or require less supervision than another employee in the same or similar position. In this regard, the class members are similar to Plaintiff.

25. Although the exact amount of damages may vary among individual class members, the damages for each individual can easily be calculated using the same methodology and formula.

26. Castillo possess the names and addresses of all class members in their records. The class members should be allowed to receive notice about this lawsuit and be given an opportunity to join. Like Plaintiff, these similarly situated workers are entitled to recover their unpaid overtime wages, liquidated damages, attorneys' fees, and other damages. Therefore, notice is appropriately sent to the following class:

*"All of Castillo Builders LLC's current and former general laborers who worked for Castillo Builders LLC for the past three years and were not paid overtime."*

## CAUSES OF ACTION

27. Plaintiff incorporates the allegations in the preceding paragraphs.

28. Plaintiff and the class members were not paid overtime wages as required by the FLSA when they worked more than forty (40) hours in a work week. Instead Castillo paid Plaintiff and the class members only straight time at an hourly rate determined by Castillo. Castillo's failure to pay Plaintiff and the class members appropriate overtime wages violated the FLSA.

29. Castillo's failure to pay overtime wages to Plaintiff and the class members in accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA. Therefore, the three (3) years

statute of limitations period applies to Plaintiff's and the class members' damages in this case.

30. Plaintiff and the class members are entitled to overtime wages for all hours worked in excess of forty (40) in a work week, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action 29 U.S.C. § 216(b).

## JURY DEMAND

31. Plaintiff hereby demands a trial by jury.

## PRAYER

Plaintiff respectfully requests that judgment be entered against Castillo Builders LLC, awarding him and all similarly situated employees:

a. Overtime compensation for all hours worked in excess of forty (40) per week at the rate of one and half times his regular rate of pay;

b. An equal amount as liquidated damages;

c. Reasonable and necessary attorneys' fees, costs, and expenses of this action; and

d. Such other and further relief as may be required by law.

Respectfully Submitted:

*/s/ Ryan P. Monsour*
_____
PRESTON L. HAYES (#29898)
RYAN P. MONSOUR (#33286)
ZACHARY R. SMITH (#37316)
*HMS Law Firm*
3850 N. Causeway Blvd., Suite 590
Metairie, Louisiana 70002
Telephone: (504) 356-0110
Facsimile: (504) 356-0104
*Counsel for Plaintiff*